UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WARED ALFARAH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SOLEDAD,<br><br>Defendant. | Case No. 5:15-cv-05569-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 17, 31 |

In this civil rights action, Plaintiff Wared Alfarah ("Plaintiff") alleges that Defendant City of Soledad ("the City") violated several of Plaintiff's constitutional rights by effectively shutting down his business. The City contends that its actions were justified because the business hosted games that fell into a category of slot machines prohibited by state criminal law. Plaintiff seeks damages as well as a declaratory judgment from this Court delineating the boundaries of that law.

Presently before the court are the City's motion to dismiss Plaintiff's complaint and Plaintiff's motion for a preliminary injunction. See Dkt. Nos. 17, 30. Having carefully considered the parties' arguments, the Court finds that Plaintiff's complaint fails to state a claim and that it is inappropriate for this federal Court to issue a declaratory judgment interpreting state law. For the reasons set forth in further detail below, the motion to dismiss is GRANTED, and the motion for a preliminary injunction is DENIED.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff ran a retail business called VAPE N CONNECT ("VNC"). Dkt. No. 1 ("Compl."), ¶ 2. In addition to selling vaping products, VNC offered pay-to-play games. Id., ¶ 9.

Players began by funding a game account card and entering the information from that card at a PC terminal, which then revealed the amount of the potential prize the player could win. Id., ¶ 9-1. The actual game involved a cursor that moved along the screen across a series of bars and stopped when the player pressed a button. Id., ¶ 9-2. Based on the bar on which the player stopped the cursor, the player won a corresponding amount of money. Id. Although the potential win amounts were random, the player's skill allegedly determined the actual amount the player won. Id., ¶ 10.

On or about September 9, 2015, several officers of the City's police department entered the store without a warrant and began insisting that these games constituted illegal gambling. Id., ¶¶s 12-15. Plaintiff explained how the games worked and told the officers that a City official had assured Plaintiff that he could continue operating the games as long as they were not slot machines. Id., ¶ 12. Nevertheless, the officers told Plaintiff that he needed to obtain a license to operate a casino, threatened to arrest him, seized all of the game account cards as evidence, and forced Plaintiff to sign a property receipt. Id., ¶ 14. Plaintiff was forced to close his business. Id., ¶ 16. Defendant has yet to file any criminal charges against Plaintiff. Id.

The relevant criminal statute applies to slot machines, defined as machines that accept money and award the player money or anything else of value "by reason of any element of hazard or chance or of other outcome unpredictable by" the player. Cal. Penal Code § 330b(d). "Pinball and other amusement machines or devices, which are predominantly games of skill," do not count as slot machines. Id. § 330b(f). The California Supreme Court has said that a slot machine under this statute must "award[] cash or other prizes of value to users . . . by arranging or prearranging winning sweepstakes entries in a manner that is unpredictable to the user." People ex rel. Green v. Grewal, 61 Cal. 4th 544, 562-63 (2015).

Plaintiff believes that the games at VNC were games of skill and not slot machines. He brings five causes of action: (1) a claim under the Declaratory Judgment Act ("DJA") for a declaratory judgment that the games at issue are legal; (2) a 42 U.S.C. § 1983 claim for violations

2
Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

of the First Amendment because providing the game was protected commercial speech; (3) a § 1983 claim for violations of the Fourth Amendment for an unreasonable search or seizure without a warrant; (4) a § 1983 claim for violations of the Fifth Amendment for an unlawful taking of property without due process; and (5) a § 1983 claim for violations of the Equal Protection Clause of the Fourteenth Amendment because Defendant allows other businesses offering similar games to continue to operate. Compl., ¶¶s 24-52. Plaintiff brings all of these claims against the City itself "because its policies, customs and improper training of its officers caused Plaintiff's injuries." Id., ¶ 3.

Plaintiff seeks to enjoin the City from destroying any seized property, interfering with Plaintiff's business, or threatening or initiating criminal prosecution or other action arising from Plaintiff's offering these games. Id. at 13-14. Plaintiff also seeks the aforementioned declaratory judgment that the games in question are legal under § 330b. Id. at 14. Finally, Plaintiff seeks compensatory and general damages for the alleged constitutional violations. Id. at 14-15.

On January 7, 2016, the City moved to dismiss all of these claims. See Dkt No. 17. Plaintiff filed a written opposition to the motion. See Dkt. No. 24. On March 4, 2016, after the parties had fully briefed the motion to dismiss, but before the Court had held a hearing on the motion, Plaintiff moved for a preliminary injunction. See Dkt. No. 30. The City opposed the motion in writing. See Dkt. No. 35. The Court heard arguments on both motions on June 23, 2016. See Dkt. No. 43.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Although particular detail is not generally necessary, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its

3

Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

1   face." Id. at 556-57. A complaint which falls short of the Rule 8(a) standard may be dismissed if
2   it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal of a
3   claim under Rule 12(b)(6) may be based on a "lack of a cognizable legal theory or the absence of
4   sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901
5   F.2d 696, 699 (9th Cir. 1990); see Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104
6   (9th Cir. 2008).

7       At the motion to dismiss stage, the court must read and construe the complaint in the light
8   most favorable to the non-moving party. Autotel v. Nev. Bell Tel. Co., 697 F.3d 846, 850 (9th
9   Cir. 2012) (citation omitted). When deciding whether to grant a motion to dismiss, the court
10  generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v.
11  Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may
12  consider material submitted as part of the complaint or relied upon in the complaint, and may also
13  consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89
14  (9th Cir. 2001).

15      The court must accept as true all "well-pleaded factual allegations" in the complaint.
16  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, "courts are not bound to accept as true a
17  legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. Nor is a complaint
18  sufficient if it merely "tenders naked assertions devoid of further factual enhancement." Iqbal,
19  556 U.S. at 678 (internal quotation marks omitted). In other words, "to be entitled to the
20  presumption of truth, allegations in a complaint or counterclaim may not simply recite the
21  elements of a cause of action, but must contain sufficient allegations of underlying facts to give
22  fair notice and to enable the opposing party to defend itself effectively." Eclectic Props. E., LLC
23  v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014) (quoting Starr v. Baca, 652 F.3d
24  1202, 1216 (9th Cir. 2011)). "In all cases, evaluating a complaint's plausibility is a 'context-
25  specific' endeavor that requires courts to 'draw on . . . judicial experience and common sense.'"
26  Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014) (alteration in original) (quoting Eclectic

Props. E., 751 F.3d at 996).

In the event that a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). A district court may dismiss without leave to amend "where the amendment would be futile." Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009) (citing Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004)). "When a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." Id. (quoting Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002)).

### B. Section 1983 Claims

"Section 1983 is a 'vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials.'" Naffe v. Frey, 789 F.3d 1030, 1035 (9th Cir. 2015) (quoting Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006)). In other words, "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a § 1983 claim, a plaintiff (1) "must allege the violation of a right secured by the Constitution and laws of the United States," and (2) "must show that the alleged deprivation was committed by a person acting under color of state law." Naffe, 789 F.3d at 1035-36 (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." Id. at 1036 (citations omitted).

Under longstanding Supreme Court precedent, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." Connick v. Thompson, 563 U.S. 51, 60-61 (2011) (quoting Monell v. Dep't

of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978)).  Municipalities are not vicariously liable for the actions of their employees.  Monell, 436 U.S. at 691.  Instead, courts may impose § 1983 liability on municipalities in only three circumstances: (1) when implementation of the municipality's official policies or established customs inflicts the constitutional injury; (2) when omissions leading to constitutional injuries amount to official policy or deliberate indifference on the part of the municipality; or (3) when the individual committing the constitutional tort was an official with final policy-making authority, or such an individual ratified the action.  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (citations omitted).

### C. Declaratory Judgments

In general, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817-18 (1976) (citations omitted).  However, where the relief sought is equitable or otherwise discretionary, federal courts may invoke abstention principles and decline to exercise their remedial power.  See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-22 (1996).  The DJA provides for such discretionary remedies.  See Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc).  Therefore, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits."  Id.

However, because the exercise of jurisdiction is mandatory with respect to most claims, "when other claims are joined with an action for declaratory relief . . . , the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief."  Dizol, 133 F.3d at 1225 (citing Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)).  Furthermore, "[i]f a federal court is required to determine major issues of state law because of the

6
Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." Id. at 1225-26 (citing Chamberlain, 931 F.2d at 1367-78).  "Where the dismissal of claims for declaratory relief would require 'an independent and unnecessary state lawsuit that would be duplicated by the damages lawsuit that the district court was compelled to retain,' a district court should retain jurisdiction over the declaratory claims to avoid duplicative litigation." Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1167 (9th Cir. 1998) (quoting St. Paul Fire & Marine Ins. Co. v. F.H., 117 F.3d 435, 438 (9th Cir. 1997)).[1]  When a case includes both declaratory and monetary claims, "the district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief." United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1113 (9th Cir. 2001).

In determining whether to issue a declaratory judgment, the Supreme Court's decision in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), "remain[s] the philosophic touchstone for the district court." Dizol, 133 F.3d at 1225.  Three primary considerations should feature in the district court's analysis: (1) avoiding "needless determination of state law issues"; (2) discouraging "forum shopping"; and (3) avoiding "duplicative litigation." Id. (citing Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371-73 (9th Cir. 1991)); see Brillhart, 316 U.S. at 495.  District courts have "broad discretion" when deciding whether to exercise their remedial power, "as long as [the decision] furthers the Declaratory Judgment Act's purpose of enhancing 'judicial economy and cooperative federalism.'" R.R. St. & Co., Inc. v. Transp. Ins. Co., 656 F.3d 966, 975 (9th Cir. 2011) (quoting Dizol, 133 F.3d at 1224).

**D.   Injunctive Relief**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

---

[1] Strictly speaking, the question for the district court is not whether it should retain or decline jurisdiction over a declaratory judgment claim, but whether it should exercise the remedial power conferred by the DJA.  See Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp., 642 F.3d 849, 852-53 (9th Cir. 2011).

7
Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "To obtain a preliminary injunction, the moving party 'must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.'" Idaho v. Coeur D'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) (quoting Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014)). "The first factor under *Winter* is the most important—likely success on the merits." Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (citing Aamer v. Obama, 742 F.3d 1023, 1038 (D.C. Cir. 2014)). "Because it is a threshold inquiry, when 'a plaintiff has failed to show the likelihood of success on the merits, we "need not consider the remaining three [*Winter* elements].""" Id. (alteration in original) (quoting Ass'ns des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 944 (9th Cir. 2013)).

### III.   DISCUSSION

#### A.   Motion to Dismiss

##### i.   First Amendment Claim

Plaintiff alleges that his business "has a First Amendment right to engage in a lawful business through offering games of skill, which is protected commercial free speech." Compl, ¶ 32. More specifically, Plaintiff alleges that "[a]ccess to the Internet, and the right to view material and information found there" and the "[u]se of computers to electronically communicate the results of games of skill and provide entertaining games of skill" are forms of free speech and protected activity. Id., ¶ 33. Plaintiff contends that the City's actions with respect to the business effectively suppressed Plaintiff's exercise of this free speech. Id. Plaintiff also alleges that the City "has a custom and policy of unjustified and unlawful enforcement against businesses like" Plaintiff's. Id., ¶ 34. Thus, Plaintiff claims that the City has violated his rights under the First Amendment, as incorporated against the states by the Fourteenth Amendment, as well as the similar provisions of the California Constitution. See Cal. Const. art. I, §§ 2, 3. Plaintiff therefore

brings a cause of action under § 1983 for these violations.

"Commercial speech is 'defined as speech that does no more than propose a commercial transaction.'" Hunt v. City of Los Angeles, 638 F.3d 703, 715 (9th Cir. 2011) (quoting United States v. United Foods, Inc., 533 U.S. 405, 409 (2001)); see also Bd. of Trs. of State Univ. of N.Y. v. Fox, 492 U.S. 469, 473-74 (1989) (citations omitted) (stating that "the test for identifying commercial speech" is whether it "propose[s] a commercial transaction"). In commercial speech cases, courts examine four factors: (1) "whether the expression is protected by the First Amendment," where the speech "at least must concern lawful activity and not be misleading"; (2) "whether the asserted governmental interest is substantial"; (3) "whether the regulation directly advances the governmental interest asserted;" and (4) "whether it is not more extensive than is necessary to serve the interest." Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y., 447 U.S. 557, 566 (1980).

The Court need not reach past the first factor to find that the City did not violate Plaintiff's First Amendment rights. In general, playing or offering games is conduct, not speech. See Net Connection LLC v. County of Alameda, No. 13-CV-1467-SI, 2013 WL 3200640, at *9 (N.D. Cal. June 24, 2013); Lamle v. City of Santa Monica, No. 04-CV-6355-GHK (SH), 2010 WL 3734868, at *7-8 (C.D. Cal. July 23, 2010); see also There to Care, Inc. v. Comm'r of Ind. Dep't of Revenue, 19 F.3d 1165, 1167-68 (7th Cir. 1994) (holding that offering bingo is an activity, not protected commercial speech, because any communication involved "do[es] not convey ideas"). That principle applies here with full force. Plaintiff has not alleged that the games in question were advertising; nor does he allege that they referred to a particular product. Cf. Bolger v. Youngs Drug Prods. Corp., 463 U.S. 60, 66-67 (1983) (citing these factors in deciding that an advertisement was commercial speech). Furthermore, the Court cannot assume at this stage that the games at issue are in fact legal under California law. See Talk N Win, Inc. v. Harris, No. 13-CV-0971-LJO, 2013 WL 6198939, at *12 (E.D. Cal. Nov. 27, 2013) ("[P]laintiffs' points are based on an unproven premise that the sweepstakes program is legal under California law. This

9
Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

Court is unable to assume as much.").

In any case, Plaintiff's allegations against the City rely on bare legal conclusions. In particular, Plaintiff alleges no facts to support his allegation that the City "has a custom and policy of unjustified and unlawful enforcement." Compl., ¶ 34. The Court need not take as true such a "naked assertion[] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Absent a meaningful factual allegation, the City cannot be held liable under Monell. Although the City raised this point in its motion, Plaintiff did not respond or indicate how he would address these deficiencies in his complaint. The Court therefore finds that further amendment would be futile. See Gardner, 563 F.3d at 990. Accordingly, Plaintiff's First Amendment claim will be dismissed with prejudice.

### ii. Fourth Amendment Claim

Plaintiff alleges that the City "conducted a search and seizure at the VNC store without a search warrant" and without "probable cause to suspect that illegal activity was taking place at the VNC store." Compl., ¶ 37. Plaintiff further alleges that the City "has a custom and policy of unjustified and unlawful enforcement against businesses like VNC that amounts to deliberate indifference to Plaintiff's Fourth Amendment rights." Id., ¶ 39. Thus, Plaintiff claims that the City has violated his rights under the Fourth Amendment, as incorporated against the states by the Fourteenth Amendment, as well as the similar provision of the California Constitution. See Cal. Const. art. I, § 7. Plaintiff therefore brings a cause of action under § 1983 for these violations.

The Fourth Amendment prohibits "unreasonable searches and seizures." A search or seizure conducted without a warrant is "*per se* unreasonable under the Fourth Amendment," subject only to "a few specifically established and well delineated exceptions." United States v. Hawkins, 249 F.3d 869 (9th Cir. 2001) (quoting Minnesota v. Dickerson, 508 U.S. 366, 372 (1993)); City of Ontario v. Quon, 560 U.S. 746, 760 (2010) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)). One of those exceptions arises when the owner or occupant of the subject property consents to a search. See Fernandez v. California, 134 S. Ct. 1126, 1132 (2014). The

10

Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

consent must be voluntary; the police may "not induce cooperation by coercive means." United States v. Drayton, 536 U.S. 194, 201 (2002) (citing Florida v. Bostick, 501 U.S. 429, 434-35 (1991)). "[T]he appropriate inquiry is whether a reasonable person would feel free to decline the officers' requests or otherwise terminate the encounter." Bostick, 501 U.S. at 436.

Under a second exception, known as the "plain-view doctrine," "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." Dickerson, 508 U.S. at 375 (citing Horton v. California, 496 U.S. 128, 136-37 (1990); Texas v. Brown, 460 U.S. 730, 739 (1983) (plurality opinion)). The "incriminating character" of an object is "immediately apparent" if the police have probable cause to believe that the item is illegal, unlawful, or associated with criminal activity. United States v. Stafford, 416 F.3d 1068, 1076 (9th Cir. 2005) (quoting Horton, 496 U.S. at 131 n.1).

If the Court takes as true the allegations in Plaintiff's complaint, neither of these exceptions justifies the officers' actions here. The City contends that Plaintiff consented to the searches and seizures because he voluntarily "demonstrated to the SPD officers how the games of skill worked." Compl., ¶ 12. However, Plaintiff alleges that the officers "coerced" his consent through "threats and intimidation"; one of the officers "threatened to arrest Plaintiff and seize all of the store equipment if [P]laintiff did not cooperate with his demands." Id., ¶¶ 14-15. Plaintiff only "br[ought] all of the player cards" to the officers after hearing the threat. Id., ¶ 14. Consent obtained on pain of arrest is not voluntary. And because the player cards only came into the officers' view as a result of the alleged coercion, the plain view exception cannot apply to the officers' seizure of the cards.

Nevertheless, Plaintiff's Monell claim against the City is not viable. As with the First Amendment claim, Plaintiff's allegations are bare-bones and conclusory. Plaintiff simply alleges that the City "has a custom and policy of unjustified and unlawful enforcement" without offering any facts to support the assertion. Id., ¶ 39. In his opposition to the motion to dismiss, Plaintiff

11
Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

1  alludes to a statewide task force enforcing § 330b against businesses like his, but that allegation

2  does not appear on the face of the complaint, and the Court cannot consider it at this stage.

3  However, the Court is not persuaded that further amendment would be futile. See Gardner, 563

4  F.3d at 990. Plaintiff's Fourth Amendment claim will be dismissed without prejudice.

### iii. Fifth Amendment Claim

Plaintiff alleges that the City's seizure of the player cards "amount[ed] to a taking of the Plaintiff's property for public use without due process or just compensation." Compl., ¶¶s 41-44. Plaintiff also alleges that the City's "deprive[d] Plaintiff of due process of law . . . because it denie[d] [him] the right to pursue lawful business." Id., ¶ 45. Thus, Plaintiff claims that the City violated his rights under the Fifth Amendment, as incorporated against the states by the Fourteenth Amendment, as well as the similar provisions of the California Constitution. See Cal. Const. art. I, §§ 7, 13. Plaintiff therefore brings a cause of action under § 1983 for these violations.

The Fifth Amendment provides in relevant part that no person shall be "deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." The City contends that property seized and taken pursuant to the state's police power is not taken for a "public use" within the context of the Fifth Amendment. See McLain v. City & County of San Francisco, No. 12-CV-3225, 2014 WL 465595, at *12 (N.D. Cal. Feb. 3, 2014) (collecting cases); see also United States v. Droganes, 728 F.3d 580, 591 (6th Cir. 2013) (holding that "the forfeiture of property under the government's police power" is "criminal in nature" and not subject to the Fifth Amendment); AmeriSource Corp. v. United States, 525 F.3d 1149, 1153 (Fed. Cir. 2008) ("Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause."). The City also contends that Plaintiff's due process rights were not violated because California law provides adequate remedies for return of his seized property, which he has chosen not to pursue. See Cal. Penal Code § 1536.

In the absence of any opposition from Plaintiff, the Court finds the City's arguments

12

Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

persuasive. Moreover, because Plaintiff does not respond to these arguments, the Court finds that further amendment would be futile. See Gardner, 563 F.3d at 990. Plaintiff's Fifth Amendment claim will be dismissed with prejudice.

### iv.   Equal Protection Claim

Plaintiff alleges that the City has allowed "similarly situated businesses such as Chuck E Cheeses [sic], Dave & Buster's[,] and countless online fantasy football companies . . . to conduct similar games of skill." Compl., ¶ 48. As a result, Plaintiff alleges that the City has "unreasonably" and "intentionally singled out Plaintiff for selective enforcement, inequitable treatment[,] and purposeful discrimination" without "rational basis." Id., ¶¶s 48-49. Plaintiff further alleges that the reason for this inequitable treatment is the City's "dislike" of "games of skills on computers." Id., ¶ 50. Thus, Plaintiff claims that the City has violated his rights under the Equal Protection Clause of the Fourteenth Amendment, as well as the similar provisions of the California Constitution. See Cal. Const. art. I, §§ 7, 13. Plaintiff therefore brings a cause of action under § 1983 for these violations.

The Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Supreme Court has interpreted this clause as "essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "[A]n equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601 (2008). To succeed on such a claim, the plaintiff "must demonstrate that the [defendant]: (1) intentionally (2) treated [the plaintiff] differently than other similarly situated [people], (3) without a rational basis." Gerhart v. Lake County, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); N. Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008)). The defendant's

13
Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

conduct "comports with equal protection if there is 'any reasonably conceivable state of facts that could provide a rational basis for the classification.'" SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002) (quoting FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993)).

      Plaintiff's allegations do not satisfy this standard. Plaintiff's complaint does not allege facts from which the Court can infer that there were any similarly situated business owners offering similar games. Specifically, Plaintiff fails to allege that there were any Chuck E. Cheese's or Dave & Buster's stores within the City's jurisdiction; the City avers that there are none. See Dkt. No. 35-1, ¶ 9. Meanwhile, the online fantasy sports companies that Plaintiff names are not similarly situated to Plaintiff's business. They do not have retail storefronts within the City, and they do not offer the game at issue here. Instead, the facts alleged in the complaint suggest that the City chose to pursue VNC because the City believed, and still believes, that the games VNC offered violated state law. Plaintiff suggests that he can offer proof that pinball machines are operating in the city, but their operators are not similarly situated either because the statute at issue specifically exempts pinball machines from its coverage. See Cal. Penal Code § 330b(f). Unless Plaintiff alleges that anyone else in the City offers the games that VNC did and has escaped prosecution, Plaintiff's complaint alleges a "reasonably conceivable state of facts that could provide a rational basis for the classification." SeaRiver Mar., 309 F.3d at 679 (quoting Beach Commc'ns, 508 U.S. at 313).

      Moreover, as with his other claims, Plaintiff alleges in conclusory terms that the City "has a custom and policy of unjustified and unlawful enforcement against businesses like VNC." Compl., ¶ 51. Plaintiff further alleges, without factual support, that the City's "disparate treatment of Plaintiff is motivated by an invidious purpose" arising from the City's "dislike of the content of Plaintiff's communications." Id., ¶ 52. Again, Plaintiff's allegations do not suffice under Twombly and Iqbal. Furthermore, because Plaintiff has not explained how he can address the defects above, the Court finds that further amendment would be futile. See Gardner, 563 F.3d at

14

Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

1  990.  Plaintiff's equal protection claim will be dismissed with prejudice.

### v. Declaratory Judgment Claim

Plaintiff alleges that "[t]he games of skill at issue are not illegal under California law, and the use of the games does not rise to illegal gambling under California law."  Compl, ¶ 26.  Plaintiff further alleges that the "manifest injustice" he has suffered as a result of the search and seizure of his property has generated a "substantial controversy."  Id., ¶ 27.  Plaintiff therefore seeks a declaratory judgment that the seized property may not be destroyed and that the games in question are not illegal slot machines under Cal. Penal Code § 330b(d).  Id., ¶ 28.

The City contends primarily that the Court should dismiss Plaintiff's declaratory judgment claim under the abstention doctrine the Supreme Court articulated in Younger v. Harris, 401 U.S. 37 (1971).  Younger requires federal courts to abstain from issuing equitable relief that would enjoin, or have the practical effect of enjoining, a state-initiated criminal proceeding.  Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2014).  However, Younger abstention applies only in three "exceptional circumstances": (1) when the state has initiated a criminal prosecution; (2) when the state has initiated "civil enforcement proceedings" akin to criminal prosecutions; and (3) when the state has initiated "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."  Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013) (internal quotation marks omitted).  Because none of these circumstances is present here, Younger abstention is not appropriate.

Nevertheless, the Court may still abstain under Brillhart.[2]  The Ninth Circuit has instructed this Court, "as a general rule," to entertain a claim for declaratory relief when it is joined with a claim for damages, such as the § 1983 claims here.  Dizol, 133 F.3d at 1225.  However, this case is an exception.  The Court has dismissed most of Plaintiff's § 1983 claims with prejudice, and the

---

[2] The City did not identify this issue in its motion, but "[a] district court may raise the question of whether it should exercise its discretion under [the Declaratory Judgment Act] sua sponte." Qualcomm, Inc. v. GTE Wireless, Inc., 79 F. Supp. 2d 1177, 1179 (S.D. Cal. 1999) (citing Dizol, 133 F.3d at 1221).

15
Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

only potentially viable claim need not "be joined with [a claim] for declaratory relief." R & D Latex, 242 F.3d at 1113.  That claim is wholly independent and would not require this Court "to determine major issues of state law." Dizol, 133 F.3d at 1225-26.  As a result, forcing Plaintiff to pursue the declaratory judgment claim in state court would not result in "duplicative" or "piecemeal litigation."  Snodgrass, 147 F.3d at 1167; Dizol, 133 F.3d at 1225-26.

After considering the standards set forth in Brillhart and Dizol, the Court concludes that abstention is the better course.  Plaintiff essentially asks the Court to decide whether the games in question violate a provision of California criminal law.  Even in the absence of a concurrent state court proceeding, "needless determination of state law issues alone may support" a decision to abstain from adjudicating a declaratory judgment claim.  R.R. St., 656 F.3d at 975 (citing Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 802-04 (9th Cir. 2002)).  There is no need for this Court to determine the state law issue, because there is no § 1983 claim that requires such a determination.

The remaining Brillhart factors point to the same outcome.  Directing plaintiffs to a single venue to adjudicate their state law questions naturally discourages forum shopping.  Cf. Prepaid Teleconnect, Inc. v. City of Murrieta, No. 15-CV-2062-VAP, 2016 WL 1622609, at *10-11 (C.D. Cal. Apr. 21, 2016) (noting the availability of a state court remedy in finding that the forum-shopping Brillhart factor favored dismissal of a declaratory judgment claim); Allstate Ins. Co. v. Tucknott Elec. Co., Inc., No. 14-CV-1804-SC, 2014 WL 5408324, at *3-4 (N.D. Cal. Oct. 23, 2014) (same).  As illustrated by the cases that Plaintiff cited at the hearing on this motion, California courts are fully capable of issuing declaratory judgments construing statutes like the one at issue here.  See, e.g., Cossack v. City of Los Angeles, 11 Cal. 3d 726 (1974) (upholding a declaratory judgment invalidating a municipal ordinance that banned certain games of skill); Looff v. City of Long Beach, 153 Cal. App. 2d 174 (1957) (same).  Finally, as above, dismissing the declaratory judgment claim will not result in duplicative litigation.

On balance, the Brillhart factors weigh in favor of abstention.  Therefore, the Court

declines to entertain Plaintiff's declaratory judgment claim. The claim will be dismissed with prejudice.

### B. Motion for Preliminary Injunction

Likelihood of success on the merits is the "threshold inquiry" in deciding whether to grant a preliminary injunction. Garcia, 786 F.3d at 740. The Court has dismissed all of Plaintiff's four § 1983 claims, three of them with prejudice, and the Court has declined to entertain Plaintiff's declaratory judgment claim. Plaintiff has no likelihood of success on the merits of his claims as pled in the operative complaint. He therefore has not shown that he is entitled to the extraordinary remedy of an injunction. The motion for a preliminary injunction will be denied.

## IV. ORDER

The City's motion to dismiss is GRANTED. Plaintiff's first, second, fourth, and fifth causes of action are DISMISSED WITHOUT LEAVE TO AMEND. Plaintiff's third cause of action is DISMISSED WITH LEAVE TO AMEND. Plaintiff's motion for a preliminary injunction is DENIED. Any amended complaint must be filed on or before **July 14, 2016**.

**IT IS SO ORDERED.**

Dated: June 24, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-05569-EJD
ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR PRELIMINARY INJUNCTION

17